IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR B. HENRY, JR.,<br>SPN #02759864, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-20-1326 |
| HARRIS COUNTY, | §<br>§ | |
| Defendant. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Victor B. Henry (SPN #02759864), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding a state court criminal proceeding that is pending against him in Harris County, Texas. Because Henry is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case should be dismissed for the reasons explained below.

## I. Background

Henry is currently confined at the Harris County Jail as a pretrial detainee.[1]  Public records clarify that Henry is in custody as the result of charges that have been filed against him in Cause No. 1612586, which is pending in the 179th District Court for Harris County, Texas.[2]  Henry has been charged with aggravated assault causing serious bodily injury.[3]  The indictment is enhanced for purposes of punishment with allegations that Henry has a prior 2007 felony conviction for attempted murder.[4]

Henry sues Harris County under 42 U.S.C. § 1983, alleging that he has been denied his right to a "reasonable" bond.[5]  Records reflect that Henry was initially released on a bond of $40,000.00,[6] but that he later forfeited the bond after he failed to appear in court on January 23, 2019.[7]  Because the trial court has declined

---

[1]Complaint, Docket Entry No. 1, p. 6.

[2]See Indictment in Cause No. 1612586, available from the Office of the Harris County District Clerk website located at: http://www.hcdistrictclerk.com (last visited April 27, 2020).

[3]Id.

[4]Id.

[5]Complaint, Docket Entry No. 1, pp. 3, 4.

[6]See Bail Condition and No Contact Order in Cause No. 1612586, available from the Office of the Harris County District Clerk website located at: http://www.hcdistrictclerk.com (last visited April 27, 2020).

[7]See Surety Bond, Motion for Remittitur, and Final Judgment of Forfeiture in Cause No. 1612586-A, available from the Office of the
(continued...)

to set a new bond, Henry now asks this court to intervene in his state court criminal proceeding and grant injunctive relief by setting a "fair" bond.[8]

## II. Discussion

Section 1983 of United States Code Title 42 provides a private right of action for individuals who have been deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983. "To establish a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Pratt v. Harris County, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted).

As a municipality, Harris County is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" James v. Harris County, 577 F.3d 612, 617 (5th Cir. 2009) (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). Henry does not complain of any policy or procedure associated with the pretrial bail system in place in Harris County, which has been the subject of litigation in

---

[7](...continued)
Harris County District Clerk website located at: http://www.hcdistrictclerk.com (last visited April 27, 2020).

[8]Complaint, Docket Entry No. 1, p. 5.

other cases. See, e.g., Russell v. Harris County, No. H-19-cv-266, 2020 WL 1866835, at *13 (S.D. Tex. April 14, 2020) (denying the plaintiffs' motion for release from custody in a case challenging the pretrial bail system for setting the amount of bond for indigent felony defendants in Harris County); see also Odonnell v. Harris County, 892 F.3d 147 (5th Cir. 2018) (addressing a constitutional challenge the pretrial bail system for indigent misdemeanor arrestees in Harris County). Instead, Henry challenges a particular decision made by the trial court to deny a bond in his criminal proceeding.

To the extent that Henry asks this court to intervene and grant injunctive relief under § 1983 by setting a bond in his state court criminal case, the court declines to do so. In Younger v. Harris, 91 S. Ct. 746, 750-51 (1971), the Supreme Court held that federal courts cannot interfere in ongoing state criminal proceedings unless extraordinary circumstances are present. See Gates v. Strain, 885 F.3d 874, 880 (5th Cir. 2018). Abstention is required under the Younger doctrine when "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. Louisiana Public Defenders Bd., 677 F.3d 712, 716 (5th Cir. 2012) (citation and internal quotation marks omitted).

The court concludes that abstention is required because all three of the Younger criteria are satisfied. First, Henry has been charged with a violent felony in a state criminal proceeding that is ongoing. Second, Henry challenges the trial court's ruling regarding his entitlement to a bond, which the State of Texas has an important governmental interest in regulating.[9] The Texas Constitution provides a right to bail pending trial in all cases except for capital offenses where the proof is "evident." Tex. Const. Art. 1 § 11. However, a defendant accused of less than a capital offense may be denied bail under certain circumstances if he is a multiple offender who has been convicted of a prior felony and is charged with a violent offense such as aggravated assault. See Tex. Const. Art. 1 § 11a(a). Third, the Texas Constitution expressly provides that a defendant has a right of direct appeal from any order denying bail, over which the Texas Court of Criminal Appeals has exclusive jurisdiction. See id. (providing further that "said appeal shall be given preference by the Court of Criminal Appeals"); Kelly v. State, 785 S.W.2d 157, 157 (Tex. Crim. App. 1990) (per curiam). Because all three Younger criteria are met, intervention is not allowed.

---

[9]There is no federal constitutional proscription against detaining a defendant without bond prior to trial where he has been accused of a serious offense and his detention is consistent with limitations imposed by the Speedy Trial Act. See United States v. Salerno, 107 S. Ct. 2095, 2101-02 (1987); see also Bell v. Wolfish, 99 S. Ct. 1861, 1872-73 (1979) (concluding that the government may detain an accused pending trial as long as the restrictions and conditions are not punitive).

In addition, to the extent that Henry's complaint seeks release on bond the Supreme Court has recognized that a civil rights complaint pursuant to 42 U.S.C. § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, when an inmate seeks injunctive relief that challenges the fact or duration of his confinement. See Nelson v. Campbell, 124 S. Ct. 2117, 2122 (2004) (citing Preiser v. Rodriguez, 93 S. Ct. 1827, 1836 (1973)). For this reason the Fifth Circuit has held that a prisoner who challenges a state court's decision regarding his bond should raise those claims in a pretrial habeas petition governed by 28 U.S.C. § 2241 and not in a civil rights complaint. See Dunn v. Prince, 327 F. App'x 452, 454 (5th Cir. 2009) (per curiam) (citing Dickerson v. Louisiana, 816 F.2d 220, 223-24 (5th Cir. 1987)); see also Homer v. State of Texas, No. 3:10-cv-2549, 2011 WL 721972, at *2 (N.D. Tex. Feb. 7, 2011) (explaining that challenges to the constitutionality of his confinement based on the inability to post the high pretrial bond are cognizable in a pretrial habeas corpus proceeding under 28 U.S.C. § 2241) (citing Keith v. Cotton, No. 3:09-cv-0199, 2009 WL 1288417, at *1 (N.D. Tex. May 8, 2009) (pretrial habeas corpus action challenging reasonableness of pretrial bond)).

The court declines to re-characterize Henry's civil rights complaint as a federal habeas corpus petition. Before seeking habeas relief under § 2241 in federal court, a pretrial detainee must exhaust available state court remedies. Dickerson, 816 F.2d

at 225 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1127-28 (1973)) (citations omitted). As noted above, a Texas defendant who has been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. See Tex. Const. Art. 1 § 11a(a). A Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. See Tex. Code Crim. Proc. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. See, e.g., Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing Ex parte Payne, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). Public records reflect that Henry has not filed an appeal from the trial court's decision to deny a bond. He has not otherwise exhausted available state court remedies for purposes of seeking habeas review under 28 U.S.C. § 2241. Accordingly, this action will be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Victor B. Henry Jr. (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 28th day of April, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE